UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES BALLANTYNE, | ) | Case No. 1:07 CV 00915 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | Magistrate Judge James Gallas |
| | ) | |

*Introduction and Procedural History*:

James Ballantyne filed this appeal pursuant to 42 U.S.C § 405(g) seeking judicial reversal from the administrative denial of disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, respectively. As instructed, Ballantyne submitted a fact sheet and statement of error and the Commissioner responded. At issue is the ALJ's decision dated July 29, 2005 which stands as the final decision of the Commissioner. The parties consented to the jurisdiction of the Magistrate Judge for all further proceedings and entry of judgment in accordance with 28 U.S.C. §636(c) and Rule 73 of the Federal Rules of Civil Procedure.

The ALJ evaluated the limitations stemming from Ballantyne's status post-colostomy and reversal, bipolar disorder, depression and alcohol dependence. (Tr. 20).[1] Ballantyne argues that the ALJ's finding that his alcohol dependency is a material and contributing factor to his

---

[1] Ballantyne's appeal is limited to the ALJ's findings as to his mental impairments. (Plaintiff's Fact Sheet & Stmt. of Errors at no. 8).

Case No. 1:07 CV 00915                         2

disability is not supported by substantial evidence. In support of that argument, Ballantyne asserts that the ALJ erred by failing to elicit medical expert testimony regarding whether alcohol is a contributing factor to Ballantyne's depression and whether any listings were satisfied in light of the severity of his depression. Secondarily, Ballantyne claims the ALJ erred by failing to elicit medical expert testimony to determine if his intelligence quotient scores satisfy the first prong of Listing 12.05 (mental retardation).

*ALJ's Decision*:

Ballantyne was born on October 6, 1969 and he has a ninth grade education. (Tr. 18). His past work experience includes employment as a die cast operator, a maintenance worker and a laborer. (*Id.*).

The ALJ determined that Ballantyne had a severe mental impairment stemming from depression, bipolar disorder and alcohol dependence, as well as some physical limitations, which rendered him unable to perform his past relevant work. (Tr. 20, 26, Finding 3, 7). The ALJ also found that Ballantyne's mental impairment was related in a material way to alcohol abuse and absent consideration of the limitations caused by alcohol abuse, he had residual functional capacity to perform a significant range of light work, which jobs exist in a significant number in the national economy.[2] (*Id.* at Finding 6, 12-13).

---

[2] In his decision, the ALJ erroneously cited to statistics of relevant jobs existing statewide, as opposed to in the national economy as testified to by the vocational expert. This error is without significance as the national economy is the relevant test. 20 C.F.R. §416.960(b)(2); 20 C.F.R. §404.1560(c).

Case No. 1:07 CV 00915                                          3

*Standard of Review:*

The issues before this court must be resolved under the standard whether there is substantial evidence in the record to support the Commissioner's decision. Substantial evidence is more than a scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantiality is based upon the record taken as a whole. *Barney v. Secretary of Health and Human Services*, 743 F.2d 448 (6th Cir. 1984); *Houston v. Secretary of Health and Human Services*, 736 F.2d 365 (6th Cir. 1984). Substantial evidence is evidence that a reasonable mind would accept as adequate to support the challenged conclusion. *Casey v. Secretary of Health & Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Secretary*, 893 F.2d 106, 108 (6th Cir. 1989); *Richardson*, 402 U.S. at 401.

> In determining whether the Secretary's factual findings are supported by substantial evidence, we must examine the evidence in the record 'taken as a whole.' *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980), and "must take into account whatever in the record fairly detracts from its weight." *Beavers v. Secretary of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 464-65, 95 L.Ed. 456 (1951)). If it is supported by substantial evidence, the Secretary's determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam).

*Wyatt v. Secretary*, 974 F.2d 680, 683 (6th Cir. 1992); *Born v. Secretary*, 923 F.2d 1168, 1173 (6th Cir. 1990); and see *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994) (court may "not inquire whether the record could support a decision the other way").

Case No. 1:07 CV 00915                         4

*The ALJ's Decision That Ballantyne's Alcoholism Is A Contributing Factor Material To the Determination Of Disability Is Supported By Weight Of The Evidence:*

The crux of Ballantyne's argument is that the ALJ's decision that his alcohol problem is a contributing factor material to the determination of disability is not supported by a substantial weight of the evidence. The Contract With America Act of 1996 eliminated disability benefits where drug addiction or alcoholism are contributory factors material to the Commissioner's determination. See 42 U.S.C. §423(d)(2)(c) and see also 20 C.F.R. §404.1535; §404.1536; 20 C.F.R. §416.935; §416.936. This effectively eliminated disability due to "substance addiction disorder," such as alcoholism.

Here, there is substantial evidence to support the ALJ's determination that Ballantyne's alcohol dependency is a contributing factor material to the determination of disability. Considering all of the medical evidence, the ALJ concluded that the moderate limitations on maintaining social functioning and concentration, persistence or pace are related to alcohol abuse. (Tr. 20). The ALJ relied upon the medical evidence of record, including the predominance of the alcohol dependence diagnoses (Tr. 187, 235, 244, 253). Two of Ballantyne's three hospitalizations in a year-and-half period were precipitated by intoxication. (Tr. 187, 230). Further, Ballantyne was discharged from the hospital within days of his admittance in an improved mental state. (Tr. 20; 181-182; 189-190; 232; 244). The ALJ relied upon the medical consultant's assessment that Ballantyne's quick improvement and discharge indicated that alcohol was the cause of his mental impairment. (Tr. 20; 181-182). Ballantyne improved and was discharged when he was sober; long before the anti-depressant medications would have taken effect. (Tr. 20, 23, 182).

Case No. 1:07 CV 00915                 5

The ALJ also considered the inconsistency in Ballantyne's statement that he stopped abusing alcohol in early 2002 with the fact that he was hospitalized in 2002 and 2003 for alcohol detoxification. (Tr. 20). Further, the ALJ relied upon two Psychiatric Review Techniques which indicated that Ballantyne was mildly restricted in activities of daily living and experienced moderate difficulty maintaining social functioning and concentration, persistence or pace. (Tr. 20; 162; 176). Both Drs. Chambly and McCarthy opined that Ballantyne's potentially work-prohibitive limitations resulted from his alcohol abuse. (Tr. 23; 149; 181). Likewise, Dr. Koricke, who performed a consultative examination, found that Ballantyne "did not present as an individual suffering from a cognitive disorder that would affect his ability to perform tasks assigned to him from a job." (Tr. 22; 221).

The ALJ gave limited weight to the July 14, 2003 questionnaire completed by Ballantyne's treating physician, Dr. Adhvaryu. (Tr. 23). In the questionnaire, Dr. Adhvaryu opined that Ballantyne had poor concentration, was isolative, had difficulty with relationships and difficulty controlling anger and coping with stress. (*Id.* at 271-272). Generally, the medical opinion of the treating physician is to be given substantial deference. *Walker v. Sec'y of Health and Human Services*, 980 F.2d 1066, 1070 (6th Cir. 1992); 20 C.F.R. §404.1527(d)(2); 20 C.F.R. §416.927(d)(2). This rule is not without limitation. The Secretary is required to give great weight to the opinion of a treating physician only if that opinion is supported by sufficient clinical findings and consistent with other evidence. *Bogle v. Sullivan*, 998 F.2d 342, 347-348 (6th Cir. 1993). The Secretary can reject the opinion of a treating physician if good reasons for doing so are specified. *Id.* "If the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors – namely, the length of the treatment relationship and the

Case No. 1:07 CV 00915                                6

frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source – in determining what weight to give the opinion." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004), citing 20 C.F.R. §404.1527(d)(2). The ALJ gave Dr. Adhvaryu's report limited weight because her conclusions that Ballantyne was isolative, had difficulty with relationships and difficulty controlling anger and coping with stress were largely based upon brief inpatient treatment following incidents of hospitalization for intoxication and suicidal thoughts which, again, the ALJ found inconsistent with the record as a whole. (*Id.*).[3] Thus, the ALJ articulated good reasons for affording limited weight to Dr. Adhvaryu's report.

The remainder of Ballantyne's arguments are unavailing. Ballantyne cites selective portions of Dr. Nancy McCarthy's report to support his position that the ALJ erred in his decision that alcohol abuse was a contributory factor material to the determination of disability. Dr. McCarthy opined, however, that Ballantyne "has a significant history of alcohol abuse" and that "his cognition clears after a few days of detox historically." (Tr. 181). She also opined that he can complete tasks in settings without strict time pressures, he can perform nonpersonal tasks and that he can adjust to simple stressors when not abusing substances. (*Id.*).

Ballantyne asserts that his three emergency room visits– two of which were precipitated

---

[3]The ALJ erred in stating that Ballantyne's May 2002 hospitalization was for alcohol intoxication. (Tr. 20). The records reflect that Ballantyne denied alcohol abuse and there is no other indication that he was intoxicated at the time. (*Id.* at 276). In light of the other doctor reports discussed herein and given that Dr. Adhvaryu also treated Plaintiff during periods of acute intoxication (Tr. 232), the ALJ's decision to give limited weight to Dr. Adhvaryu's assessment stands as reasonable despite this error.

Case No. 1:07 CV 00915                   7

by his intoxication–confirm that his alcohol use is not a material and contributing factor to his depression. (Fact Sheet & Stmt. of Errors at p. 3). This argument does not make sense on its face. Further, Ballantyne points to Dr. Adhvaryu's assessment of his February 2003 visit to the emergency room as indicating that depression/bi-polar disorder are independent of his alcohol dependency. His argument is without import–the test is not whether his depression and bi-polar disorder exist independently of his alcohol abuse, but whether his mental problems, in the absence of alcohol abuse, are disabling. The ALJ answered this question in the negative.

*The ALJ Is Not Required To Elicit Medical Expert Testimony*:

The ALJ was not required to elicit testimony from a medical advisor regarding whether Ballantyne's mental impairment was related in a material way to alcohol abuse. Pertinent regulations provide that the question of materiality is to be determined by the Commissioner. 20 C.F.R. § 416.927(e)(1), SSR 96-5 and 20 C.F.R. 416.935. The decision whether or not to call a medical expert is one in which the regulations provide the ALJ with discretion. 20 C.F.R. §404.1527(f)(2)(iii) and its SSI counterpart §416.927(f)(2)(iii) gives the ALJ discretion to attain medical experts on the nature and severity of a claimant's impairments and on whether the impairments equal the requirements of any impairment listed in Appendix a(1). Further, 20 C.F.R. §404.1520(a)(e)(3) and §416.920(a)(e)(3) allow the ALJ to request the services of a medical expert to assist in applying the psychiatric technique. And see *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001). ("An ALJ has discretion to determine whether further evidence, such as additional testing or expert testimony, is necessary."). Moreover, Ballantyne, who was represented by counsel at the administrative hearing, did not request expert medical testimony.

Case No. 1:07 CV 00915                        8

Accordingly, the ALJ did not err in the failure to call a medical advisor.

As a secondary argument, Ballantyne contends that the ALJ should have consulted a medical expert to determine whether he met Listing 12.05 (mental retardation) in 20 C.F.R. Pt. 404, Subpt. P, App. 1. His argument is based on one of the IQ scores reported by Dr. Koricke, which he claims appears to satisfy one part of the Listing even though they were "questioned but not invalidated." (Plaintiff's Fact Sheet & Stmt. of Errors at p. 5). The ALJ, however, appropriately discounted the reported IQ score, based upon Dr. Koricke's assessment that the scores were "likely invalid" due to Ballantyne's lack of effort at the examination. (Tr. 20, 22; 220). Dr. Koricke opined that Ballantyne was likely functioning in the low-average range of intelligence. (Tr. 220). The only scintilla of evidence in the record of Ballantyne's alleged mental retardation is contained in Dr. Koricke's report. And Dr. Koricke herself dismissed these scores as unreliable. Indeed, Ballantyne's treating physician, Dr. Adhvaryu, assessed Ballantyne as possessing average intelligence. (Tr. 271). Under these circumstances, the ALJ was not required to elicit further testimony as to whether Ballantyne satisfied Listing 12.05.

*Conclusion:*

For the foregoing reasons based on the arguments presented, the record in this matter and the applicable law, the undersigned finds that the Commissioner's decision denying disability insurance and supplemental security income benefits was supported by substantial evidence and is affirmed with judgment entered for the Commissioner.

                                                     s/James S. Gallas
                                         United States Magistrate Judge

Dated: August 27, 2008